UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NAKIA MEANS,

                Plaintiff,

-against-

THE CITY OF NEW YORK, Police Officer SYLVIA RODRIGUEZ, Shield No. 27407, Police Officer JOHN DOE ONE through TWO in their individual and official capacities as employees of the City of New York,

                Defendants.
------------------------------------------------------------X

**COMPLAINT AND JURY DEMAND**

DEARIE, J.
POLLAK, M.J.

      The Plaintiff, NAKIA MEANS, by her attorney, The Rameau Law Firm, alleges the following, upon information and belief for this Complaint:

### INTRODUCTION

    1.    This is a civil rights action for money damages brought pursuant to 42 U.S.C. §§ 1981, 1983, and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, against the police officers mentioned above in their individual capacities, and against the City of New York.

    2.    It is alleged that the individual police officer defendants made an unreasonable seizure of the person of plaintiff, violating her rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution, and that these defendants assaulted and battered plaintiff. It is further alleged that these violations and torts were committed as a result of policies and customs of the City of New York.

3. Plaintiff seeks compensatory and punitive damages, affirmative and equitable relief, an award of attorneys' fees and costs, and such other relief as this Court deems equitable and just.

## JURISDICTION

4. This Court has subject matter jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343.

## VENUE

5. Under 28 U.S.C. § 1391(b) and (c) venue is proper in the Eastern District of New York.

## PARTIES

6. Plaintiff NAKIA MEANS ("plaintiff" or "Ms. Means") is of proper age to commence this lawsuit.

7. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

8. Defendant Police Officer SYLVIA RODRIGUEZ, Shield No. 27407 ("Rodriguez"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Rodriguez is sued in her individual and official capacities.

9. Defendant Police Officer Rodriguez at all relevant times herein, either directly participated or failed to intervene in the violation of plaintiff's rights.

10. At all times relevant defendants John Doe One through Two were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John Doe One through Two.

11. At all times relevant herein, defendants John Doe One through Two were acting as agents, servants and employees of defendant City of New York and the NYPD. Defendants John Doe One through Two are sued in their individual and official capacities.

12. At all times relevant herein, defendants John Doe One through Two either directly participated or failed to intervene in the violation of plaintiff's rights.

13. At all times relevant herein, all individual defendants were acting under color of state law.

14. The City of New York (hereinafter "The City") is, and was at all material times, a municipal corporation duly organized and existing pursuant to the laws, statutes and charters of the State of New York. The City operates the N.Y.P.D., a department or agency of defendant City responsible for the appointment, training, supervision, promotion and discipline of police officers

and supervisory police officers, including the individually named defendants herein.

15. The City was at all material times the public employer of defendant officers named herein.

16. The City is liable for the defendant officers' individual actions pursuant to the doctrine of "respondeat superior."

## FACTUAL ALLEGATIONS

17. Plaintiff is an African-American female, a petite woman weighting one hundred and twenty (120) pounds at the time.

18. On or about October 12, 2014, at approximately 11:00 pm, plaintiff was on her way to work when plaintiff was pulled over at the intersection of Vermont Street and Nortman Avenue for an allegedly broken headlight.

19. Plaintiff explained to defendant officer Rodriguez and defendant police officer JOHN DOE ONE that the headlight was not broken demonstrating that the headlight was in fact a high definition light.

20. Defendant officer Rodriguez and defendant officer JOHN DOE ONE refused to accept plaintiff's explanation.

21. Plaintiff asked if she could speak to a supervisor instead.

22. Defendant Rodriguez and JOHN DOE ONE disregarded plaintiff's request, dragged plaintiff out of the car, slammed plaintiff against the car, handcuffed plaintiff and transported plaintiff to the 74th Precinct.

23. Plaintiff asked for medical attention but was denied medical attention.

24. At the precinct, the defendants falsely informed members of the Kings County District Attorney's Office that they observed plaintiff committing various crimes.

25. The allegations were false.

26. At no point did the defendants observe plaintiff committing any crimes or offenses.

27. Ultimately plaintiff was taken from the police precinct to Brooklyn Central Booking.

28. All charges against plaintiff were false.

29. On or about September 25, 2015, all charges against plaintiff were dismissed.

30. At all times during the events described above, the defendant police officers were engaged in a joint venture. The individual officers assisted each other in performing the various actions described and lent their physical presence and support and the authority of their office to each other during the said events.

31. Defendants employed unnecessary and unreasonable force against the plaintiff. Defendant officers acted maliciously and intentionally, and said acts are examples of gross misconduct. The officers intentionally used excessive force. They acted with reckless and wonton disregard for the rights, health, and safety of the plaintiff.

5

32. The conduct of the defendant officers in assaulting the plaintiff directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment. All of the events complained of above have left permanent emotional scars that the plaintiff will carry with her for the remainder of her life.

33. At no time did plaintiff assault or attempt to assault any officer, nor did she present a threat or perceived threat to the personal safety of any officer or civilian so as to warrant the repeated application of blows. Plaintiff did not provoke this beating nor did he conduct herself in any manner that would warrant any use of force, much less the excessive force actually used. Defendant officers acted sadistically and maliciously and demonstrated deliberate indifference toward plaintiff's rights and physical well-being.

34. All of the above was done in violation of federal law.

35. As a direct and proximate result of the malicious and outrageous conduct of defendants set forth above, plaintiff's injury has become permanent in nature.

36. The conduct of the defendant officers in assaulting the plaintiff and denying her medical attention directly and proximately caused physical and emotional injury, pain and suffering, mental anguish, humiliation and embarrassment.

37. As a direct and proximate result of the said acts of the defendant officers, the plaintiff suffered the following injuries and damages:

i. Violation of her constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of her person;

ii. Loss of her physical liberty;

38. The actions of the defendant officers violated the following clearly established and well settled federal constitutional rights of plaintiff:

i. Freedom from the unreasonable seizure of her person;

ii. Freedom from the use of excessive, unreasonable and unjustified force against her person.

## FIRST CLAIM
### Unlawful Stop and Search

39. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

40. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

41. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SECOND CLAIM
### False Arrest

42. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

43. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

44. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
## Unreasonable Force

45. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

46. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

47. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FOURTH CLAIM
## Denial Of Constitutional Right To Fair Trial

48. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

49. The individual defendants created false evidence against Plaintiff.

50. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

51. In creating false evidence against Plaintiff, and in forwarding false information to prosecutors, the individual defendants violated Plaintiff's constitutional right to a fair trial under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

52. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### Malicious Abuse Of Process

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. The individual defendants issued legal process to place Plaintiff under arrest.

55. The individual defendants arrested Plaintiff in order to obtain collateral objectives outside the legitimate ends of the legal process, to wit, to cover up their assault of him.

56. The individual defendants acted with intent to do harm to Plaintiff without excuse or justification.

57. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SIXTH CLAIM
### Failure To Intervene

58. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

59. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

60. Accordingly, the defendants who failed to intervene violated the First, Fourth, Fifth And Fourteenth Amendments.

61. As a direct and proximate result of this unlawful conduct, Plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### *Monell*

62. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63. This is not an isolated incident. The City of New York (the "City"), through policies, practices and customs, directly caused the constitutional violations suffered by plaintiff.

64. The City, through its police department, has had and still has hiring practices that it knows will lead to the hiring of police officers lacking the intellectual capacity and moral fortitude to discharge their duties in accordance with the constitution and is indifferent to the consequences.

65. The City, through its police department, has a *de facto* quota policy that encourages unlawful stops, unlawful searches, false arrests, the fabrication of evidence and perjury.

66. The City, at all relevant times, was aware that these individual defendants routinely commit constitutional violations such as those at issue here and has failed to change its policies, practices and customs to stop this behavior.

10

67. The City, at all relevant times, was aware that these individual defendants are unfit officers who have previously committed the acts alleged herein and/or have a propensity for unconstitutional conduct.

68. These policies, practices, and customs were the moving force behind plaintiff's injuries.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff requests that this Court:

(a) Award compensatory damages against the defendants, jointly and severally;

(b) Award punitive damages against the individual defendants, jointly and severally;

(c) Award costs of this action to the plaintiff;

(d) Award reasonable attorneys' fees and costs to the plaintiff pursuant to 28 U.S.C. § 1988;

(e) Such other and further relief as this Court deems just and proper.

## JURY DEMAND

Plaintiff hereby demands a jury trial.

DATED: May 4, 2016

Brooklyn, New York

_____
Amy Rameau, Esq.

The Rameau Law Firm
16 Court Street, Suite 2504
Brooklyn, New York 11241
Phone: (718) 852-4759
rameaulawny@gmail.com

*Attorney for Plaintiff*

TO:		All Defendants
		Corporation Counsel of the City of New York